UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,     )
                              )
                              )
                              )
    v.                        )   Criminal No.     (ESH)
                              )   07-153-17
RONALD COOK,                  )
                              )
            Defendant.        )
_____)

FILED
JAN 14 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

Defendant Ronald Cook, along with eighteen others, has been charged with one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of phencyclidine ("PCP") in violation of 21 U.S.C. § 846, an offense punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. At the government's request, a detention hearing was held on June 22, 2007, before Magistrate Judge John M. Facciola, at which time Judge Facciola ordered Cook held without bond pursuant to 21 U.S.C. § 3142(e). Cook thereafter filed a motion to set conditions of release and revoke Judge Facciola's order of detention under 18 U.S.C. § 3145(b), which the government opposed. The Court held a hearing on the motion on January 11, 2008, at the conclusion of which the Court issued an oral ruling denying defendant's motion. This Memorandum Opinion sets forth in further detail the basis for the Court's ruling.

### DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, a judicial officer "shall order" a defendant's detention before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). The judicial officer

considering the propriety of pretrial detention must consider four factors:

> (1) [t]he nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance;
>
> (2) the weight of evidence against the person;
>
> (3) the history and characteristics of the person, including . . . the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; . . . and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g). The government is required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence. *See id.* § 3142(f). However, when "there is probable cause to believe that the [defendant] committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)," there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." *Id.* § 3142(e).

As found by the grand jury, there is probable cause to believe that Cook was part of a conspiracy to distribute and possess with intent to distribute PCP and heroin, in violation of the Controlled Substance Act, which is punishable by ten years to life. *See* 21 U.S.C. §§ 841(b)(1)(A)(iv), 846. Based on the government's proffer, the Court is satisfied that there is substantial evidence connecting Cook to Lonnell G. Glover, the subject of an extensive federal narcotics investigation involving a wiretap on Glover's cell phone, as well as interceptions in and around Glover's pick-up truck. As set forth in the government's opposition, Cook was one of a

number of individuals who was heard using what the government maintains was coded language during a series of telephone conversations with Glover. More importantly, on June 19, 2007, law enforcement officers executed a search warrant at the defendant's residence at 634 Capital Heights Boulevard, Capital Heights, Maryland. Cook was arrested in the residence and law enforcement seized, *inter alia*, a loaded 9mm, ammunition, body armor, numerous bottles of PCP containing approximately 33 grams of PCP, bottles used for selling PCP, approximately $28,000, ziplocks, digital scales, and a mask and respirator. When interviewed by Pre-Trial Services, Cook admitted that he lived alone at this residence. This evidence is sufficient to support a finding that Cook played far more than a minor role in a PCP drug ring and was a knowing participant in a drug conspiracy. Accordingly, in determining whether Cook's continued detention is warranted, the Court must begin with the presumption that "no condition or combination of conditions will reasonably assure [his] appearance . . . as required and the safety of the community." 18 U.S.C. § 3142(e).

In attempting to rebut this presumption, Cook stresses his extensive ties to the community. Defendant is a lifetime resident of the D.C. metropolitan area, and has many family members in the area. He has owned a home in Maryland for 5 years. At the time of his arrest, Cook was employed full-time at Costco as a supervisor. He has worked for Costco for over 10 years and represented that he would be able to return to his position there if released.

The "history and characteristics of the [defendant]," however, is only one of four factors that the Court must consider in determining the appropriateness of pretrial detention, and the remaining factors speak to the need for detention in this case. First, the offense charged is serious, involving a controlled substance and a potential life sentence. *See* 18 U.S.C. § 3142(g)(1). Second, Cook has a prior conviction for selling heroin, and thus faces a

mandatory minimum sentence of 20 years.  Finally, Cook has been indicted as a member of a large-scale drug conspiracy, which constitutes a serious threat to the community.  The search of his home resulted in the discovery of a loaded firearm, ammunition, and body armor, as well as PCP and drug paraphernalia.  When these factors are considered together, it is clear that Cook cannot overcome the law's presumption against pretrial release.

For the foregoing reasons, defendant's motion for reversal of the Magistrate Judge's order of detention [Dkt. 144] is hereby **DENIED**.  In accordance with 18 U.S.C. § 3142(i), the Court hereby **ORDERS** that defendant remain in the custody of the Attorney General for confinement in a corrections facility pending trial.

*/s/ Ellen S. Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 14, 2008

cc:  Magistrate Judge John M. Facciola