**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| v. | \* |
| | \*   **Crim. No.: 07-153 (TFH)** |
| **RONALD COOK,** | \* |
| | \* |
| **Defendant,** | \* |
| | \* |

\*       \*       \*       \*       \*       \*       \*

## MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

Defendant Ronald Cook, through counsel, respectfully moves this Court pursuant to, Miranda v. Arizona, 384 U.S. 436 (1966), and its progeny, and the Fourth, Fifth and Sixth Amendments to the United States Constitution, to suppress all statements of the defendant. In support of this motion, counsel states the following:

1. Mr. Cook has been charged in an Indictment with Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Phencyclidine among other things and Criminal Forfeiture.

2. On or about June 20, 2007, Mr. Cook was the subject of a custodial interrogation by Federal law enforcement officers. Prior to the beginning of the custodial interrogation, Mr. Cook was awakened early in the morning of June 19, 2007 at his home by a team of Federal agents in full-tactical wear who "breached" his front door in execution of a search warrant. Mr. Cook was immediately detained and transported to the FBI Washington Field Office.

3. Mr. Cook was subsequently interrogated upon arrival at the FBI Washington Field Office.

4. Mr. Cook is alleged to have made statements while in custody. Agents eventually arrested and advised the defendant of his *Miranda* rights, at the conclusion of that meeting. Mr. Cook was unaware of his Fifth Amendment rights and, therefore did not waive them.

5. The totality of the circumstances surrounding the custodial interrogation indicate that the statements made by Mr. Cook were not voluntary and a violation of his due process rights.

**WHEREFORE**, for the reasons set forth in the attached memorandum of points and authorities and any reason that may appear at a hearing on this motion, Mr. Cook respectfully requests that this Court suppress his statements taken from an involuntary custodial interrogation in violation of his due process rights.

Respectfully Submitted

/s/
Rudolph Acree, Jr. Esq.
Counsel for Ronald Cook
1211 Connecticut Avenue
Suite 506
Washington, D.C. 20036
(202) 331-1961

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of June 2008, I caused a true and correct copy of the foregoing Defendant Cook's Motion To Suppress Statement to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
Rudolph Acree, Jr. Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Crim. No.: 07-153 (TFH) |
| RONALD COOK, | * | |
| | * | |
| Defendant, | * | |
| | * | |

\*      \*      \*      \*      \*      \*      \*

## MOTION TO SUPPRESS STATEMENTS OF THE DEFENDANT

I.    **All Statements Must Be Suppressed Because They Were Not Voluntary.**

Statements must be suppressed if they are not made voluntarily. The government bears the burden of proving that any statement made by a defendant was voluntary. See Lego v. Twomey, 404 U.S. 477 (1972). The test for voluntariness is whether a statement is the "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). The determination of whether a statement was made voluntarily "requires a careful evaluation of all the circumstances of the interrogation." See Mincey v. Arizona, 437 U.S. 385, 402 (1978).

Here, the evidence at a hearing will show that officers exerted unreasonable psychological pressure on Mr. Cook. On or about June 19, 2007, Mr. Cook was subject to an early morning raid at his home, where the front door was "kicked-in". During the custodial interrogation on the aforementioned date, Mr. Cook was informed that he was a person of interest in a federal investigation. Throughout the custodial interrogation, officers laid out the

dismal situation they believe was afoot. The agents then proposed to Mr. Cook that it was in his interest to answer their questions, before ever advising him of his *Miranda* rights.

An "evaluation of all the circumstances surrounding the interrogation" of Mr. Cook will show that his statements were not a "product of an essentially free and unconstrained choice by its maker." See e.g., Culombe v. Connecticut, 367 U.S. 568, 602 (1961). Accordingly, the statements must be suppressed.

II. **The Statement Following the Defendant Being Detained by Members of Federal Law Enforcement Must Be Suppressed Due to Miranda Violations.**

Miranda requires suppression during the government's case-in-chief of any unwarned communication by the defendant in response to a custodial interrogation. See, e.g., Pennsylvania v. Muniz, 496 U.S. 582, 110 S. Ct. 2638, 2643-44 (1990). A person is in "custody" under Miranda when he "has been … deprived of his freedom of action in any significant way." Miranda, 384 U.S. at 444. Whether a person is in custody depends upon "how a reasonable man in the suspect's position would have understood his situation." Berkermer v. McCarty, 468 U.S. 420, 442 (1984)."The term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 301 (1980) (footnotes omitted). See also Dickerson v. United States, 530 U.S. 428 (2000) (affirming Miranda warnings as a constitutional requirement).

In this case Mr. Cook was, pursuant to a custodial integration, questioned without being appropriately advised of his Miranda rights.

## **CONCLUSION**

Police illegally detained Mr. Cook and obtained statements as a result of this detainment. Accordingly the statements obtained as a result of Mr. Cook's custodial interrogation must be suppressed.

Respectfully Submitted

/s/
Rudolph Acree, Jr. Esq.
Counsel for Ronald Cook
1211 Connecticut Avenue, N.W.
Suite 506
Washington D.C. 20036
(202) 331-1961

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| **v.** | * |
| | *   **Crim. No.: 07-153 (TFH)** |
| **RONALD COOK,** | * |
| | * |
| **Defendant,** | * |
| | * |

\*         \*         \*         \*         \*         \*         \*

## **ORDER**

Upon Consideration of all the facts and evidence in the possession of the Court:

**IT IS HEREBY ORDERED,** that the Defendant, Mr. Cook's Motion to Suppress Statements Made will be determined based upon an evidentiary hearing to be hold on ____ day of _____, 2008.

_____
Honorable Judge
United States District Court