# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**RONALD COOK,**<br><br>Defendant. | Criminal Action No. 07-153-17 (TFH) |

## MEMORANDUM OPINION

### INTRODUCTION

Defendant is currently serving a 162-month prison term imposed on March 23, 2009, pursuant to a Rule 11(c)(1)(C) plea agreement. Pending before the Court is defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Def's Mot. to Reduce Sentence, Nov. 22, 2016, ECF No. 985 ("Def.'s Mot."). Upon consideration of the parties' submissions, the record in this case and the applicable law, defendant's motion will be DENIED.

### BACKGROUND

On October 3, 2008, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute more than one kilogram or more of phencyclidine and one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(iv) and 841(b)(1)(A)(i). Tr., Plea Hr'g Before Judge Royce C. Lamberth, at 6-7, Oct. 3, 2008, ECF No. 964 ("Plea Hr'g Tr."). During defendant's sentencing hearing, the Court determined that defendant's Guideline range pursuant to the United States Sentencing Guidelines was 168 to 210 months imprisonment. Tr., Sentencing Hr'g before Judge Thomas F. Hogan, at 10-11, Mar. 23,

1

2009, ECF No. 969 ("Sentencing Hr'g Tr."). The Court accepted the parties' plea agreement, departed from the Guidelines and sentenced the defendant to a 162-month prison term. *Id*. at 10-11.

Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), or, alternatively, for time served. Def.'s Mot.; Def.'s Supp. to Mot. to Reduce Sentence, at 1-2, Sept. 28, 2017, ECF 1027 ("Def.'s Supp."). The government opposes defendant's motion, and contends that defendant 1) is not eligible for a reduction because the Court did not determine his sentence based on the Sentencing Guidelines, and 2) even if he is eligible for a sentence reduction, it is unwarranted. Government's Opp'n to Mot. to Reduce Sentence, at 1, Dec. 20, 2016, ECF No. 994 ("Gov. Opp."); Government's Supp. Opp'n to Mot. to Reduce Sentence, Sept. 28, 2017, ECF No. 1026.

**ANALYSIS**

Courts are empowered by statute to reduce a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).[1] In order to determine whether a sentence reduction is appropriate, courts must engage in a "two-step inquiry": 1) they must determine the scope of a sentence reduction, if any, under the amended Sentencing Guidelines, and 2) they must determine whether a reduction is warranted based on applicable factors set forth in 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 827 (2010). A defendant may be eligible for a sentence reduction even if the sentence resulted from a Rule 11(c)(1)(C) plea agreement, so long as the sentence was "based on" a Guideline range that the Sentencing

---

[1] On November 2014, the United States Sentencing Commission amended and lowered the base offense levels by two points for nearly all drug offenses. U.S. Sentencing Guidelines, Supplement to Appendix C, Amendment 782 (Nov. 1, 2014); *see also* Amendment 788 (allowing courts to retroactively reduce sentences after November 1, 2015).

Commission has since lowered. *See United States v. Epps*, 707 F.3d 337, 351 (D.C. Cir. 2013) ("3582(c)(2) relief is not invariably barred when a sentence was imposed pursuant to a Rule 11(c)(1)(c) plea agreement."); Fed. R. Crim. P. 11(c)(1)(C). "[A] sentence is 'based on' a Guideline range 'to whatever extent' that range 'was a relevant part of the analytical framework the judge used to determine the sentence or to approve the agreement.'" *In re Sealed Case*, 722 F.3d 361, 365 (D.C. Cir. 2013) quoting *Freeman v. United States*, 564 U.S. 522, 530 (2011) (plurality opinion).

When a defendant is eligible for a reduced sentence, courts have discretion to determine whether and to what extent such a reduction is warranted. *Dillon*, 560 U.S. at 827. In making that determination, courts must consider applicable factors outlined in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3553(a) (factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the sentencing range established by the Guidelines for the applicable category of the offense, and the need to avoid unwarranted sentencing disparities). Courts "shall" also consider the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and may also consider "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." United States Sentencing Commission, Guidelines Manual, § 1B1.10 cmt. n.1(B)(ii); n.1(B)(iii) (U.S. Sentencing Comm'n 2016) ("U.S.S.G."); *Dillon*, 560 U.S. at 821 (sentence reductions must be consistent with relevant policy statements in U.S. Sentencing Guidelines § 1B1.10).

The parties do not dispute that defendant would face a Guideline range of 135 to 168 months if he were sentenced today, a decrease from the 168 to 210-month Guideline range that

he faced when he was sentenced in 2009. *See* Def. Mot., at 4; U.S.S.G., Supplement to Appendix C, Amendment 782 (Nov. 1, 2014).

However, the government contends that defendant is ineligible for a sentence reduction because the Court sentenced defendant pursuant to a Rule 11(c)(1)(C) plea agreement and did not rely on the Guidelines as "a relevant part of the analytic framework upon which this Court determined the defendant's sentence." Gov. Opp. ¶ 7. The Court disagrees. In determining whether to accept the parties' plea agreement, the Court ruled that the applicable Guideline range was 168 to 210 months, and noted that the plea "came out somewhat less . . . than the [G]uidelines['] suggested minimum; more than the mandatory sentence but less than the [G]uidelines call for." Sentencing Hr'g Tr., at 11, 4. Despite "[c]om[ing] out to somewhat lower than the [G]uidelines," the Court found the plea to be "a fair and appropriate . . . sentence for the nature of the activity in th[e] case," and agreed to depart below the Guideline range "[b]ecause of the plea agreement." *Id*. at 10-11. Defendant's sentence was based on the Guidelines, and defendant is eligible for a reduction in his sentence. *See, e.g., Epps*, 707 F.3d at 352 (court's acceptance of plea agreement was "based on" the Guidelines where the court evaluated the sentence in light of the Guidelines and calculated the Guideline range before granting a downward departure).

Despite defendant's eligibility, a sentence reduction is unwarranted in this case. The first § 3553(a) factor, the "nature and circumstances of the offense and the history and characteristics of the defendant," strongly supports this conclusion. 18 U.S.C. § 3553 (a)(1). Defendant was amongst 25 other individuals indicted for distributing phencyclidine ("PCP") and heroin over a two-year period across the District of Columbia, Maryland, New York, New Jersey, and California. Factual Proffer ¶ 5, Oct. 3, 2008, ECF No. 349 ("Proffer"); Plea Hr'g Tr., at 6. He

4

distributed both PCP and heroin supplied to him by one of the leaders of the conspiracy, Lonnell Glover, who was the subject of an extensive federal narcotics investigation. Proffer ¶ 2. Defendant admitted that he was responsible for distributing or possessing with the intent to distribute over 10 kilograms of PCP. Plea Agreement ¶ 2, Oct. 3, 2008, ECF No. 350 ("Plea Agreement"). At the time of his arrest, defendant possessed a "loaded 9mm firearm, ammunition, body armor, numerous bottles of PCP, including 38 bottles that weighed approximately 5 kilograms, bottles used for selling PCP, $28,000 in United States Currency, ziplocks, digital scales, and a mask and respirator." Proffer ¶ 6; Plea Agreement ¶ 2. Defendant's active involvement in a potentially violent, drug distribution conspiracy weighs against a reduction in his sentence.

Defendant's mature age and criminal history at the time of his arrest also weigh against a sentence reduction. Defendant was not a young man during his involvement in the two-year conspiracy—he was a mature adult between the ages of 33 and 35. Presentence Investigation Report ¶ 5, Feb. 02, 2009, ECF No. 430. Nor was this defendant's first foray into drug distribution. He had a prior conviction for attempted possession with intent to distribute heroin when he was 23 years old, and served 15 months of supervised probation. *Id.* ¶ 42; *see, e.g., United States v. Duvall*, 209 F. Supp. 3d 125, 139 (D.D.C. 2016), *aff'd* No. 16-3093 (D.C. Cir. Sept. 27, 2017) (defendant's mature age and his drug-related criminal history "sp[oke] directly to the sentencing goals expressed in [18 U.S.C. §] 3553(a)(1)-(2), and . . . [were] substantial enough to outweigh other, countervailing considerations.").

In contrast to the nature and circumstances of his crime, defendant's post-sentencing conduct weighs in favor of a reduced sentence. U.S.S.G. § 1B1.10 cmt. n.1(B)(iii). Defendant has participated in a variety of coursework during his incarceration, including a 250-hour

5

electrical apprenticeship and a 40-hour HVAC course, 200 hours of preparation for his G.E.D., and a drug treatment program. Prob. Mem., Aug. 15, 2017, at 2, ECF No. 1023. He also obtained his G.E.D. while incarcerated. *Id*. His disciplinary record throughout his nearly 125 months of incarceration has been exemplary, with only a minor infraction for being in an unauthorized room using unauthorized equipment or machinery, which he claims was for use during a religious ceremony. Def.'s Supp., at 2-3; Prob. Mem., at 2. Further, given the extensive amount of his prison term that he has already served, and his positive, post-sentencing conduct, it does not appear that a sentence reduction would expose the community to danger. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). However, these factors do not outweigh the severe nature and circumstances of his crime, or his criminal history at the time of his participation in the conspiracy.

Defendant argues that failing to reduce his sentence will result in a disparity in sentencing amongst those charged with similar conduct today. Def.'s Supp., at 3-4; 18 U.S.C. § 3553(a)(6). He offers no support for that contention, beyond assuming that he would receive a 135-month sentence if he were sentenced today because his 2009 sentence fell below the Guideline range. *Id*. at 3. Defendant's claim is undermined by the fact that his 162-month sentence falls within the current, amended Guideline range of 132 to 168 months. Prob. Mem., at 1; 18 U.S.C. § 3553(a)(4).

## CONCLUSION

For the foregoing reasons, the Court shall deny defendant's motion to reduce his sentence. An accompanying order will follow.

November 9, 2017

Thomas F. Hogan
Senior United States District Judge

6